**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MOHAMMAD SUNAULLAH, ALI MIR BASIT, AND KAUSER TASNEEM** | § § § | |
| | § | **CIVIL ACTION NO. 4:19-CV-01136** |
| **V.** | § | **JURY DEMANDED** |
| | § | |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. V581909** | § § § § | |

## INDEX OF STATE COURT DOCUMENTS

Pursuant to 28 U.S.C. §1446(a) and Rule 81.1 of the Local Rules for the United States District Court for the Southern District of Texas, the following index of State Court documents is filed with Defendants' notice of removal:

1. Plaintiff's Original Petition;
2. Citation and Service of Process;
3. Defendants' Original Answer; and
4. Docket sheet
5. Civil Cover Sheet

Exhibit "A"

 **Texas Department of Insurance**

RECEIVED

MAR 1 1 2019

M. & M., LLP
Answered        FILE

PO Box 149104 | Austin, TX 78714 | 1-800-578-4677 | tdi.texas.gov

February 28, 2019

USPS Certified Mail No.
9214 8901 9403 8379 4284 83
Return Receipt Requested

Edward T. Smith, Esq.
Mendes & Mount, LLP
Certain Underwriters at Lloyd's, London
750 Seventh Avenue
New York, NY 10019-6829

Re:  Cause No. 19-DCV-259668; styled *Mohammad Sunaullah, Ali Mir Basit and Kauser Tasneem vs. Certain Underwriters at Lloyd's, London Subscribing to Policy Number V581909;* in the 458th Judicial District Court, Fort Bend County, Texas

Dear Sir:

Service of Process has been requested through the Commissioner of Insurance.  Enclosed please find citation and Plaintiff's Original Petition and Request for Disclosure in the above referenced matter.  These documents were served upon the Commissioner of Insurance on February 21, 2019.

Sincerely,

*Tish Wilhelm*

Tish Wilhelm
Program Specialist

RECEIVED

MAR 11 2019

M. & M., LLP
Answered          FILE

## SERVICE FEE COLLECTED
## BY DISTRICT CLERK

### THE STATE OF TEXAS

### CITATION

**TO:**   **CERTAIN UNDERWRITERS AT LLOYD'S LONDON,**
**WHO MAY BE SERVED BY SERVING**
**THE TEXAS STATE INSURANCE COMMISSIONER AT**
**P.O. BOX 149104**
**AUSTIN, TX 78714-9104**
**WHO WILL THEN FORWARD TO THE DEFENDANT AT**
**725 S FIGUEROA ST**
**SUITE 1990 19TH FLOOR**
**LOS ANGELES CA  90017**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** filed on **February 13, 2019,** a default judgment may be taken against you.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-259668** and is styled:

**MOHAMMAD SUNAULLAH, ALI MIR BASIT AND KAUSER TASNEEM VS. CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING, TO POLICY NUMBER V581909**

The name and address of the attorney for **PLAINTIFF** is:

**NISHI VIMAL KOTHARI**
**ATTORNEY AT LAW**
**6430 WELLINGTON PLACE**
**BEAUMONT TX  77706**
**409-832-3737**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 18th day of February, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson
Richmond, Texas 77469

**By:**
Deputy District Clerk **AUTUMN DOLNIK**
Telephone: **(281) 238-3279**

**SERVICE**

19-DCV-259668                                458th Judicial District Court
Mohammad Sunaullah, Ali Mir Basit and Kauser Tasneem VS. Certain Underwriters at Lloyd's
London Subscribing, to Policy Number V581909

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____o'clock ____M* on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____

Name of Officer or Authorized Person

_____County, Texas

By:_____

Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court,
the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,

(First, Middle, Last)

my date of birth is_____, and my address is _____

(Street, City, Zip)

_____,"

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____

Declarant / Authorized Process Server

_____

(Id # & expiration of certification

### SERVICE

Filed
2/13/2019 4:03 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Shelby Taylor

CAUSE NO. **19-DCV-259668**

| | |
|---|---|
| MOHAMMAD SUNAULLAH, ALI MIR BASIT AND KAUSER TASNEEM | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | FORT BEND COUNTY, TEXAS |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING, TO POLICY NUMBER V581909 | § § § § | Fort Bend County - 458th Judicial District Court \_\_\_\_\_ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, MOHAMMAD SUNAULLAH, ALI MIR BASIT, and KAUSER TASNEEM (hereinafter "Plaintiffs"), who file this their Original Petition against the Defendant, CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NUMBER V581909 (hereinafter "Underwriters") and for causes of action would respectfully show the Court as follows:

### I.    DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and may require extensive discovery. Therefore, Plaintiffs ask that the Court order discovery to be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.    PARTIES

2. Plaintiffs, MOHAMMAD SUNAULLAH, ALI MIR BASIT and KAUSER TASNEEM, are individuals residing in Fort Bend County, Texas.

3. Defendant, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER V581909, is a group of syndicates engaged in the business of

insurance in Texas. The group is formed by: AmTrust Homeowners BA1604327. Underwriters does not maintain a place of regular business in Texas and has no designated agent in Texas on whom service of citation may be made in this cause. The causes of action asserted arise out of this defendant's business activities in Texas. Accordingly, this defendant may be cited by serving the Texas State Insurance Commissioner, by certified mail, return receipt requested, at P.O. Box 149104, Austin, Texas 78714-9104. The Commissioner may forward citation and the petition to this defendant by and through its registered agent for service at Mendes & Mount, LLP, 725 S. Figueroa St., Suite 1990, 19th Floor, Los Angeles, CA 90017. This defendant has sufficient business contact with the State of Texas to make it amenable to service of process.

### III.    CLAIM FOR RELIEF

4.    The damages sought are within the jurisdictional limits of this court. Plaintiffs currently seek monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely rise.

### IV.    JURISDICTION AND VENUE

5.    This court has subject matter jurisdiction of this cause of action because it involves an

amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.  Venue is proper in Fort Bend County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Fort Bend County. In particular, the loss at issue occurred in Fort Bend County.

## V.   FACTUAL BACKGROUND

7.  Plaintiffs, Ali Mir Basit and Kauser Tasneem, own the property located at 1110 Mulberry Farm Lane in Richmond, Texas.  Plaintiff Mohammad Sunaullah is the named insured under the homeowner's policy issued by Underwriters, policy number V581909. Furthermore, the policy defines an "insured" as residents of the household who are the named insured's relatives. All Plaintiffs resided in the household and are all over the age of 21. Ms. Kauser Tasneem and Mr. Ali Mir Basit are relatives of Mr. Mohammad Sunaulluh.  Under the express terms of the policy, therefore, all of the Plaintiffs are "insureds" under the policy.

8.  The policy provides coverage for wind and/or wind-driven rain damages to the property. On or about February 14, 2017, a windstorm/tornado event hit the Fort Bend County, Texas area, damaging Plaintiffs' home and other property. The damages to Plaintiffs' property includes damage to the exterior stucco walls (including fractures caused by tornado winds racking the house framing), replacement of the tile roof and accompanying accessories, interior water damages to the entryway / foyer, prayer room, staircase from foyer, master bedroom hallway, master bedroom, living room, breakfast room, kitchen, laundry room, bedroom & closet, garage, garage staircase, game room, balcony hallway, guest suite, and windows in the guest bedroom. The total cost of property damages is over $200,000. The policy provides coverage for up to $750,000 for the total cost of dwelling damages.

9.      Plaintiffs subsequently filed a claim on their insurance policy, asking Underwriters to pay for the damages to their property due to the covered loss. Plaintiffs timely reported the claim and asked that Underwriters cover the cost of repairs for the property and any other available coverages. Defendant assigned claim number 1472091 to Plaintiffs' claim.

10.     Thereafter, Underwriters assigned Minuteman Adjusters, a third party adjusting company to investigate and adjust the claim. Together, Defendant Underwriters and Minuteman Adjusters then hired adjuster, Jerry McCaskill, the responsibility of handling the claim on behalf of Minuteman Adjusters. Thereafter, Jerry McCaskill on behalf of Minuteman Adjusters thereafter assigned the claim to Specialty Adjusting International, an adjusting company based in Florida. Daniel Davis was assigned the claims adjuster. Minuteman Adjusters assigned the claim to Specialty Adjusting International on or around May 15, 2017, almost 3 months *after* the sustained damages.

11.     It does not appear that either Minuteman Adjusters nor Specialty Adjusting International prepared an estimate of damages and/or inspected the residence for claimed damages.  If so, to date, neither entity has provided Plaintiffs a copy of their estimate of damages. Furthermore, upon information and belief, neither Minuteman Adjusters nor Specialty Adjusting International sent anyone to *even inspect* the loss. Rather, both misrepresented to Plaintiffs, on behalf of Underwriters, that 1) they needed property tax information to determine who was the actual insured under the policy (even though the policy definition of insured does not mean "owner of the property"), 2) they would not adjust the claim until they received repair estimates (which the Plaintiffs told them did not exist), and 3) cited certain exclusions under the policy, such as wear, tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice, settling, shrinking, bulging, or expansion including

resultant cracking, without offering any explanation as to *how* these exclusions would apply to the claim, and without ever having visited the property. Minuteman Adjusters and Specialty Adjusting International also accused Plaintiffs of concealment and/or fraud, without *any* evidence of the same.

12.     Underwriters has wholly failed to inspect the subject property for damages, failed to request additional time to process the claim, and to date has continued to delay to make *any* payments to Plaintiffs on their claim, two years later. Plaintiffs have submitted to Underwriters two different damage estimates that demonstrate the damages to the property, as a result of the tornado, at around $200,000, yet Underwriters continues to delay in paying *any* amount of money to Plaintiffs for this loss. Plaintiffs also gave Underwriters copies of utility bills, and property tax records, as requested, and also pointed out to Underwriters that the definition of insured would encompass Plaintiffs, yet still Underwriters refuses to pay out any amount to Plaintiffs for their damages.

13.     To date, Underwriters continues to delay in the payment for all of the damages to the Property covered under the Policy.  As such, Plaintiffs' claim still remains unpaid and Plaintiffs still have not been able to properly repair the Property.

14.     Underwriters failed to perform its contractual duty to adequately compensate Plaintiffs under terms of the Policy.  Specifically, Defendant failed and refused to fully pay the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Underwriters' conduct constitutes a breach of the insurance contract between Underwriters' and Plaintiffs.

15.     Defendant misrepresented to Plaintiffs that some damage to the property was not covered under the policy, even though the damage was caused by a covered occurrence. Underwriters' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a) (1).

16.     Defendant, Underwriters, failed to make an attempt to settle Plaintiffs' claim in a fair manner, although Underwriters' liability to Plaintiff under the Policy was reasonably clear. Defendant, Underwriters' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

17.     Defendant, Underwriters failed to explain to Plaintiffs the reason for its offer of an inadequate settlement.   Specifically, Underwriters failed to offer Plaintiffs adequate compensation, without adequate explanation of the reasons why full payment was not being made. Further, Underwriters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide an explanation for the failure to adequately settle Plaintiffs' claim.  Underwriters' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(3).

18.     Defendant, Underwriters, failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant, Underwriters. Defendant, Underwriters' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

19.     Defendant Underwriters refused to compensate Plaintiffs under the terms of the Policy, even though Underwriters failed to conduct a reasonable investigation.   Specifically,

Defendant, through its adjusting companies and adjusters, performed an outcome-oriented investigation of the Plaintiffs' Property, which resulted in a biased, unfair, and inadequate evaluation of Plaintiffs' losses on the Property. Defendant's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

20.     Defendant Underwriters failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Underwriters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

21.     Defendant Underwriters failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Underwriters' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.056.

## VI.     CAUSES OF ACTION

22.     Each of the foregoing paragraphs is incorporated by reference in the following:

### A.     Breach of Contract

23.     A contract exists when there is "1) an offer, 2) an acceptance, 3) a meeting of the minds, 4) each party consents to the terms, 5) execution and delivery of the contract with the intent that it be mutual and binding." *Baroid Equipment Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 17 (Tex.App—Houston [1st Dist.] 2005, pet. denied).

24.     At the time of the February 14, 2017 tornado, Underwriters had a contract of insurance with Plaintiffs. The premiums were current. All conditions precedent to recovery were

made. Underwriters breached the terms of that contract by failing to pay the claim in a timely manner, failing to adhere to its duties under the contract, and failed to fully and adequately compensate Plaintiffs for their damages to the property pursuant to the policy.

25.    Underwriters' conduct constitutes a breach of the contract, that resulted in damages to Plaintiffs.

**B.    Breach of Deceptive Trade Practices Act**

26.    Plaintiffs are "consumers" as defined by Tex. Bus. & Comm. Code §17.45(4). Plaintiffs sought or acquired goods or services by purchasing those goods or services from Defendant, Underwriters.

27.    The acts and omissions of Defendants constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to:

   a.    Committing false, misleading or deceptive acts or practices as defined by Tex. Bus. & Comm. Code §17.46(b);

   b.    Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151, et. seq., as described herein;

   c.    Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

   d.    Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; and

     e.   Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

28.    The acts and omissions of Defendant was a producing cause of Plaintiffs' damages.

29.    Defendant's conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to Plaintiffs' claim, and they acted with specific intent that Plaintiffs act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

30.    Plaintiffs gave Defendant written notice of Plaintiffs' claims as required by Tex. Bus. & Comm. Code §17.50(a), and pursuant to Tex. Ins. Code §541.154(a)-(c) and more than sixty (60) days has elapsed since providing defendants notice of the same, and Defendant has not responded to the same.  Plaintiffs have agreed to an inspection with Defendant on February 25, 2019.

    **C.**    **Breach of Tex. Ins. Code Chapter 541, et. seq.**

31.    Defendant violated Tex. Ins. Code Chapter 541, et seq because it engaged in unfair and/or deceptive acts or practices in the business of insurance.  Specifically, Defendant's acts and/or omissions include violations of:

a.  Tex. Ins. Code §541.051 by making statements misrepresenting the terms and/or benefits of the policy;

b.  Tex. Ins. Code §541.060 by:

    i.  misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue;

    ii.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    iii.  failing to promptly provide to Plaintiffs a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    iv.  failing within a reasonable time to affirm or deny coverage of a claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and

    v.  refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

c.  Defendants violated § 541.061 by:

    i.  making an untrue statement of material fact;

    ii.  failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    iii.  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

iv.  making a material misstatement of law; and

v.  failing to disclose a matter required by law to be disclosed.

32.  At all material times hereto, Plaintiffs were consumers who purchased insurance products and services from Defendants.

33.  Defendants knowingly committed the acts complained of.  As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

34.  Plaintiffs gave Defendant written notice of Plaintiffs' claims as required by Tex. Bus. & Comm. Code §17.50(a), and pursuant to Tex. Ins. Code §541.154(a)-(c) and more than sixty (60) days has elapsed since providing defendants notice of the same, and Defendant has not responded to the same.  Plaintiffs have agreed to an inspection with Defendant on February 25, 2019.

**D.    Breach of Texas Insurance Code Chapter 542**

35.  Defendant violated the Texas Insurance Code Chapter 542 because it failed to do the following within the statutorily mandated time of receiving all necessary information:

a.  Failing to timely acknowledge the Plaintiffs' claim (Tex. Ins. Code §542.055(a)(1)

b.  Failing to commence an investigation of Plaintiffs' claim (Tex. Ins. Code §542.055(a)(2));

c.  Failing to request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadlines (Tex. Ins. Code §542.055(a)(3));

    d.   Failing to give proper notice of the acceptance or rejection of part or all of Plaintiffs' claim (Tex. Ins. Code §542.056);

    e.   Failing to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all information (Tex. Ins. Code §542.056);

    f.   Failing to pay Plaintiffs' claim without delay (Tex. Ins. Code §542.058); and

    g.   Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiffs' claim (Tex. Ins. Code §542.060).

36.    Furthermore, Defendant Underwriters did not ask for more time to accept and/or deny Plaintiffs' claim, or provide notice of the same.

37.    Additionally, Defendant violated the Texas Insurance Code Chapter 542 by:

    a.   Knowingly misrepresenting to Plaintiffs pertinent facts or policy provisions relating to coverage;

    b.   Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the Policy;

    c.   Not attempting in good faith to affect a prompt, fair, and equitable settlement of the claim when liability became reasonably clear; and

    d.   Compelling Plaintiffs to institute a suit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered in the suit brought by Plaintiffs.

38.    As a result of Defendant's breach of Texas Insurance Code Chapter 542, Plaintiffs request damages under Tex. Ins. Code §542.060.

39.     Plaintiffs do not believe that Chapter 542A applies to this claim as the claim was made prior to September 1, 2017 when Chapter 542A became effective.   However, should a Court disagree, Plaintiffs contend that they have provided notice to defendant of Plaintiffs' claims pursuant to Chapter 542A.

**E.      Breach of Duty of Good Faith and Fair Dealing**

40.     Defendant owed Plaintiffs a duty of good faith and fair dealing.   Defendant breached this duty when it conducted an unreasonable investigation, did not timely or fully pay Plaintiffs' claim, misrepresented material facts that Defendant knew or should have known were untrue, and/or denied Plaintiffs' claim when Defendant knew or should have known that liability to pay Plaintiffs' claim was reasonably clear.

41.     Defendant's breach of this duty was a proximate cause of Plaintiffs' damages.

**F.      Fraud**

42.     **Common Law Fraud.**  Defendant made various representations to the Plaintiffs regarding their claim, including material representations regarding the extent of damages sustained to Plaintiffs' home, material representations regarding policy coverages, whether or not claims were covered, the value of claim, the application of policy exclusions, and the severity of the damage which were material and false.   Furthermore, Defendant made material representations regarding Plaintiffs' right to recover for their claim.  At the time Underwriters made the representations they knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth. Underwriters made these representations with the intent that the Plaintiffs act on them by not further pursuing claims or thinking there was no other money to recover.  Plaintiffs relied on the representations and this caused injury.

43.     **Constructive Fraud**.  A breach of fiduciary duty, such as a breach of the duty of good

faith and fair dealing, is a form of constructive fraud.  The acts and omissions of

Underwriters constitutes constructive fraud.

44.     **Fraud by Non-Disclosure.**

a.   Underwriters had a duty to Plaintiffs to disclose the extent and value of damages

suffered by Plaintiffs, what damages were being denied pursuant to policy

exclusions, and that it owed Plaintiffs money for their claims. Underwriters

concealed from or failed to disclose these facts to Plaintiffs. The facts were

material and Underwriters knew that the Plaintiffs were ignorant of the facts

and that Plaintiffs did not have an equal opportunity to discover the facts.

b.   Underwriters was deliberately silent when it owed a duty to advise Plaintiffs of

the damages and their cause, the extent of the damages, and the amount

Underwriters owed Plaintiffs.  By failing to disclose these facts, Underwriters

intended to induce the Plaintiffs to believe no additional money was owed on

the claim.  Plaintiffs relied on the non-disclosure and was injured.

## VII.   AMBIGUITY

45.     The policy in place at the time of the February 14, 2017 tornado contained patent and latent

ambiguities concerning the terms of the policy governing the insured's duties after loss.

## VIII.   CONDITIONS PRECEDENT

46.     All conditions precedent to Plaintiffs' right to recover have been fully performed or have

been waived by Defendants.

## IX.   WAIVER AND ESTOPPEL

47.   Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## X.   DAMAGES

48.   As a direct result of Defendant's conduct, Plaintiffs have suffered economic damages, all of which they are entitled to recover.  Plaintiffs are entitled to recover, in addition to the amount of claim, interest on the claim at a rate of 18%, together with reasonable and necessary attorney's fees. Plaintiffs do not believe the contours of Tex. Ins. Code Chapter 542A apply to this claim as the claim was made prior to the effective date of Chapter 542A, and as such are not capped by the interest rates found in Chapter 542A.

49.   Pursuant to Tex. Ins. Code and Texas Deceptive Trade Practices Act, Plaintiffs are entitled to recover treble damages, which will be determined by a jury, because Defendant's conduct was committed knowingly and/or intentionally.

50.   Plaintiffs are entitled to exemplary damages as a result of Defendant's breach of duties owed.  When viewed objectively from the standpoint of Defendant, at the time of the tornado and claim, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others, and of which Defendant had actual, subjective awareness of the risk involved, but nonetheless proceeded with conscious indifference to the rights, safety, or welfare of others. In the alternative, Defendant had specific intent to cause substantial harm to Plaintiffs.

51.   Plaintiffs are also entitled to mental anguish relief for the pain and suffering they have endured as a result of Defendant's breach of its duties owed, and failure to adhere to the contract between Plaintiffs and Defendant.

52.   Based on the information currently available to Plaintiffs, Plaintiffs believe damages exceed $200,000.00, but are less than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees, Plaintiffs reserves the right to decrease or increase this amount as further information becomes available.

## XI.   ATTORNEY'S FEES

53.   Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

54.   Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because they are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

55.   Plaintiffs further pray that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

56.   Additionally, Plaintiffs further pray that they be awarded all reasonable and necessary attorney's fees in prosecuting their causes of action through trial and any appeal pursuant to Tex. Bus. & Comm. Code §17.50(d).

## XII.   REQUEST FOR DISCLOSURE

57.   Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

## XIII. JURY DEMAND

Plaintiffs hereby request a trial by jury, and with this petition, tender the appropriate fee for the same.

## XIV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that, upon final hearing of the case, that they recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence and judgment against Defendant, and that Plaintiffs be awarded economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully Submitted,

BRASHER LAW FIRM, PLLC

By:      /s/ Nishi Kothari
Clint Brasher
Texas Bar No. 24009915
clint@brasherattorney.com
Nishi Kothari
Texas Bar No. 24087862
nishi@brasherattorney.com
Joe Muckleroy
Texas Bar No. 24065801
joe@brasherattorney.com
6430 Wellington Place
Beaumont, Texas 77706
(409) 832-3737 Telephone
(409) 832-3838 Fax
*Attorneys for Plaintiffs*



**CERTIFIED MAIL**™





USPS CERTIFIED MAIL

9214 8901 9403 8379 4284 83

exas Department
Insurance
C 113-2A
33 Guadalupe
ustin, TX 78701

ERTAIN UNDERWRITERS AT LLOYD'S LONDON
DWARD T SMITH ESQ
/O: MENDES & MOUNT
50 SEVENTH AVENUE
EW YORK NY 10019-6829

Filed
2/25/2019 11:59 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Ashley Alaniz

# SERVICE FEE COLLECTED
# BY DISTRICT CLERK

## THE STATE OF TEXAS

## CITATION

TO:   **CERTAIN UNDERWRITERS AT LLOYD'S LONDON,
WHO MAY BE SERVED BY SERVING
THE TEXAS STATE INSURANCE COMMISSIONER AT
P.O. BOX 149104
AUSTIN, TX 78714-9104
WHO WILL THEN FORWARD TO THE DEFENDANT AT
725 S FIGUEROA ST
SUITE 1990 19TH FLOOR
LOS ANGELES CA  90017**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** filed on **February 13, 2019,** a default judgment may be taken against you.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-259668** and is styled:

**MOHAMMAD SUNAULLAH, ALI MIR BASIT AND KAUSER TASNEEM VS. CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING, TO POLICY NUMBER V581909**

The name and address of the attorney for **PLAINTIFF** is:

**NISHI VIMAL KOTHARI
ATTORNEY AT LAW
6430 WELLINGTON PLACE
BEAUMONT TX  77706
409-832-3737**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 18th day of February, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street
Richmond, Texas 77469

By: _____
Deputy District Clerk **AUTUMN DOLNIK**
Telephone: **(281) 238-3279**

**ORIGINAL**

## CAUSE NO. 19-DCV-259668

| | | |
|---|---|---|
| MOHAMMAD SUNAULLAH, ALI MIR BASIT AND KAUSER TASNEEM | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING, TO POLICY NUMBER V581909 | § | |
| Defendant. | § | 458TH JUDICIAL DISTRICT COURT |

## RETURN OF SERVICE - CERTIFIED MAIL

"The following came to hand on **Feb 18, 2019, 11:18 am,**

**CITATION, PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE,**

and was executed on **Tue, Feb 19 2019** by mailing to **CERTAIN UNDERWRITERS AT LLOYD'S LONDON, WHO MAY BE SERVED BY SERVING THE TEXAS STATE INSURANCE COMMISSIONER** at **P.O. BOX 149104, AUSTIN, TX 78714-9104,** by Certified Mail, Return Receipt Requested, Receipt No. 9414711899560079155443, a true copy of this citation.

PS Form 3811 was returned on 2/23/19 having been **SIGNED ON 2/21/19** and is attached hereto.

My name is **Jerrie Hebert**, my date of birth is ▓▓▓▓ and my address is **148 S Dowlen #668, Beaumont, TX 77707, United States of America.** I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Fort Bend** County, State of **TX,** on **February 25, 2019.**

Jerrie Hebert
**PSC-11322 EXP: 01/31/2020**

# USPS Tracking®

FAQs  >  (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package  +

**Tracking Number:** 9414711899560079155443

Remove ✕

Your package will arrive later than expected, but is still on its way. It is currently in transit to the next facility.

## In-Transit

February 24, 2019
In Transit to Next Facility

Get Updates ∨

Text & Email Updates

Tracking History

Product Information

| | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| SENDER: COMPLETE THIS SECTION | A. Signature: ( ☐ Addressee or ☐ Agent) |
| ■ Ensure Items 1, 2, and 3 are completed. | X Clay Manley |
| ■ Attach this card to the back of the mailpiece, or on the front if space permits. | B. Received By: (Printed Name)   C. Date of Delivery |
| | Clay Manley  FEB 2 1 2019 |
| 1. Article Addressed to:<br>Texas Commissioner of Insurance<br>P.O. Box 149104<br>Austin TX 78714-9104 | D. Is delivery address different from item 1?   ☐ Yes<br>If YES, enter delivery address below:   ☐ No |
| | REC'D:  2/23/19 |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9490 9118 9956 0079 1554 85 | 3. Service Type<br>☑ Certified Mail® |
| 2. Article Number (Transfer from service label)<br>9490 9118 9956 0079 1554 43 | |
| PS Form 3811 Facsimile, July 2015 (SDC 3930) | Domestic Return Receipt |

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Filed
3/27/2019 5:05 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Ashley Alaniz

## CAUSE NO. 19-DCV-259668

| | | |
|---|---|---|
| MOHAMMAD SUNAULLAH, ALI MIR BASIT, AND KAUSER TASNEEM | § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| | § | FORT BEND COUNTY, TEXAS |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. V581909 | § § § | 458TH JUDICIAL DISTRICT |

### DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION, AFFIRMATIVE DEFENSES, AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants CERTAIN UNDERWRITERS AT LLOYD'S LONDON, more properly know as CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. V581909, each for themselves alone and no other, severally not jointly, based on their own respective percentage of interest ("Underwriters" or "Defendants") file this Original Answer to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1.      Defendants generally deny the allegations in Plaintiffs' Original Petition, and request that Plaintiffs be required to prove them by a preponderance of the evidence in accordance with the laws of the State of Texas.

### II.  FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim Against Defendants

2.      Plaintiffs' causes of action are barred, either in whole or in part, because they failed to state a claim upon which relief can be granted.  Specifically, Plaintiffs failed to describe how an insurer's alleged breach of contract converts Plaintiffs' contractual claim into a cause of action against Defendants for alleged violations of the Insurance Code or DTPA, or constitutes a breach

P a g e | **1**

11716.002

of the duty of good faith and fair dealing.  Plaintiffs' petition instead merely alleges that Plaintiffs are owed extra-contractual damages because Underwriters allegedly failed to pay a disputed claim. Absent any specific factual allegations of Insurance Code violations in Plaintiff's Petition which caused damage to Plaintiff independent of the alleged contract damages sought in this lawsuit, the petition does not support a claim upon which relief can be granted.

### III.  SECOND AFFIRMATIVE DEFENSE
### Damage Limitation

3.      Plaintiffs' damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

### IV.  THIRD AFFIRMATIVE DEFENSE
### Liability Not "Reasonably Clear"/*Bona Fide* Controversy

4.      Defendants will show that a *bona fide* dispute exists as to the date of Plaintiffs' reported loss as well as the cause of Plaintiffs' asserted damages. As to Plaintiffs' claims alleging common law and statutory bad faith claims against Defendants, a *bona fide* controversy existed and continues to exist concerning the scope and amount of the allegedly covered loss and Plaintiffs' entitlement to insurance benefits under the Policy.  Defendants possesses the right to investigate questionable claims without facing bad faith liability.

### V.  FOURTH AFFIRMATIVE DEFENSE
### Punitive Damage Limitation

5.      With respect to Plaintiffs' claim for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practices & Remedies Code §41.002-41.009.

11716.002

## VI.  FIFTH AFFIRMATIVE DEFENSE
### Policy Terms

6.      Defendants assert that Plaintiffs' claims are barred in whole or in part by the warranties, terms, definitions, provisions, conditions, exclusions and limitations of the Policy. Defendants incorporate the Policy fully herein as if such were fully set forth herein, *in extenso*.  Under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents.  Defendants assert that any claim which is based upon a representation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of the insurance policy at issue.

## VII.  SIXTH AFFIRMATIVE DEFENSE
### Fortuity Doctrine

7.      To the extent that Plaintiffs seeks compensation for property damages that pre-existed the inception of the Policy at issue in this lawsuit, Defendants plead that such damages are barred by the fortuity doctrine which bars known losses or losses in progress.  Under the fortuity doctrine, coverage is precluded where the plaintiff is, or should be, aware of an ongoing progressive loss or known loss at the time the policy is purchased.  To the extent that Plaintiffs' damages, if any, were caused by covered and non-covered perils such as wear, tear and deterioration and pre-existing damages, Plaintiffs' claims are barred.

## VIII.   SEVENTH, EIGHTH, AND NINTH AFFIRMATIVE DEFENSES
### Unclean Hands, Unjust Enrichment, and Estoppel

8.      Plaintiffs fraudulently omitted prior losses and/or claims for damages to the subject property when applying for the policy issued by Underwriters and when making the claim at issue. Plaintiffs failed to disclose to Underwriters that their prior policy was non-renewed for damages

to the property or that the damages reported to Underwriters existed well before the inception of the Policy or the date of loss as claimed to Underwriters.

9.      To the extent that Plaintiffs seek compensation for property damages that pre-existed the date of loss at issue in this lawsuit, or for damages that Plaintiffs knows or should have known to be caused by a non-covered or excluded peril, Defendants plead that such damages are barred by the doctrine of unclean hands.  The doctrine is applied where a plaintiff's conduct "has been unconscientious, unjust, marked by a want of good faith or violates the principles of equity and righteous dealing." *Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 840 (5th Cir. 2004).

10.      Further, Plaintiffs are not entitled to relief because Plaintiffs' conduct, committed directly or through its agents and or counsel "has been unconscientious, unjust, marked by a want of good faith or violates the principles of equity and righteous dealing." *City of Fredericksburg v. Bopp,* 126 S.W.3d 218, 221 (Tex.App.—San Antonio 2003) (citations omitted).  One who seeks equity must do equity and must come to court with clean hands. Underwriters will show that they were seriously harmed and the wrong complained of cannot be corrected without the application of the doctrine.

## IX.      EIGHTH AFFIRMATIVE DEFENSE
### Excessive Demand

11.      Plaintiffs made an excessive demand, the day they filed this lawsuit, and will not take a lesser amount.  As a result of Plaintiffs' excessive demand, Plaintiffs are not entitled to attorneys' fees expended in litigation thereafter. *McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 209 (Tex. App.-Austin, 2005).  Plaintiffs filed this lawsuit seeking alleged actual damages plus attorneys' fees and extra-contractual damages for claim damages to which Plaintiffs knew they were not entitled.  Plaintiffs' demand is excessive and bars a claim for attorneys' fees.

11716.002

## X.    NINTH AFFIRMATIVE DEFENSE
## <u>Fraud and Misrepresentation</u>

12.    Defendants further plead that Plaintiffs' claims are barred by Plaintiffs' fraud and misrepresentation.  Plaintiff signed an application for the insurance policy at issue in which Plaintiff stated it had no prior claims or losses when its prior carrier canceled its policy or non-renewed its policy due to the existing damages to and condition of the property.  Plaintiff also presented claims to Underwriters for alleged property damages which were in existence for years before the alleged loss date and known to Plaintiffs to not be attributable to the claimed loss. Plaintiff cannot recover for a loss unless prior damages were repaired prior to the alleged subsequent loss(es) at issue in this lawsuit.

## XI.  DEMAND FOR JURY TRIAL

13.    Defendants demand a jury trial in this case.

## XII.  SPECIAL EXCEPTIONS

14.    Defendants specially excepts to Plaintiffs' Original Petition because it fails to identify facts which support Plaintiffs' common law bad faith, fraud, estoppel, DTPA, or Insurance Code claims against Defendants.  Plaintiffs have not identified any facts regarding any breach of the duty of good faith and fair dealing by Defendants or any damages caused by such breach which are separate and apart from the damages Plaintiffs claim pursuant to the alleged contractual breach claim against Underwriters.  Plaintiffs have failed to allege any conduct by Underwriters which would constitute extreme conduct causing injury independent of Plaintiff's contractual breach claim against Underwriters.

15.    Further, Plaintiffs' Original Petition fails to identify or provide adequate facts or explanation of the conduct which support Plaintiffs' Insurance Code claims against Defendants. Specifically, Plaintiff's Original Petition fails to identify any misrepresentation or false statements

11716.002

made by Defendants which support Plaintiffs' claims for alleged knowing misconduct or misrepresentations.  Plaintiffs' Petition fails to identify any factual assertions as to how Plaintiff relied on any such misrepresentations and how such misrepresentations were the producing cause of any damages to Plaintiffs.

16.     Further, Plaintiffs' Petition does not contain any factual statements supporting the allegations of fraud against Underwriters.

17.     Accordingly, Plaintiffs should be required to file an amended pleading which sets forth facts and evidence in support of Plaintiffs' claims for alleged breach of contract, bad faith, and alleged violations of the Insurance Code and DTPA, and fraud, as well as the maximum alleged damages related thereto.

## XIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that Plaintiffs be ordered to file an amended pleading which sets forth facts and evidence in support of Plaintiffs' claims for alleged breach of contract, bad faith, fraud, and alleged violations of the Insurance Code and DTPA by Defendants, as well as the maximum alleged damages related thereto, that Plaintiffs take nothing on their claims against Defendants, that Defendants recover their costs herein, and that Defendants receive such other and further relief, general or special, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

SHEEHY WARE & PAPPAS, P.C.


By: */s/ D. Christene Wood*
        D. Christene Wood
        State Bar No. 24042188
        Email: cwood@sheehyware.com

2500 Two Houston Center
909 Fannin
Houston, Texas 77010-1008
Telephone: 713-951-1089
Facsimile:  713-951-1199

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on March 27, 2019, a true and correct copy of the foregoing document was delivered to all counsel of record, via the court's ECF notification/filing system in accordance with the Texas Rules of Civil Procedure as follows:

Clint Brasher
Nishi Kothari
Joe Muckleroy
Brasher Law Firm, PLLC
6430 Wellington Place
Beaumont, Texas 77706

*/s/ D. Christene Wood*
D. Christene Wood

11716.002

Skip to Main Content Logout My Account Search Menu New Civil Search  Back

Location : Fort Bend   Help
Questions and Answers on Images

# CASE NO. 19-DCV-259668
## MOHAMMAD SUNAULLAH, ALI MIR BASIT AND KAUSER TASNEEM VS. CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING, TO POLICY NUMBER V581909

| Other Events on This Case | Image | Page Count |
|---|---|---|
| 02/13/2019 Docket Sheet | Docket Sheet | 2 |
| 02/13/2019 Petition | Plaintiffs' Original Petition and Request for Disclosure | 17 |
| 02/13/2019 Request | Request for Process | 2 |
| 02/18/2019 Issuance | Citation -Certain Underwriters at Lloyd's London | 4 |
| 02/25/2019 Officers Return | Citation Issued to Certain Underwriters at Lloyds on 02-18-19 | 3 |

| Other Images on This Case | Image | Page Count |
|---|---|---|

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
Plaintiff

❏ 3   Federal Question
*(U.S. Government Not a Party)*

❏ 2   U.S. Government
Defendant

❏ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury  - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
Proceeding

❏ 2   Removed from
State Court

❏ 3   Remanded from
Appellate Court

❏ 4   Reinstated or
Reopened

❏ 5   Transferred from
Another District
*(specify)*

❏ 6   Multidistrict
Litigation -
Transfer

❏ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

❏   CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:    ❏ Yes    ❏ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____